Smith, J.P., and Valentino, J.
(dissenting). We respectfully disagree with the majority that County Court erred in denying defendant’s request for an order to produce an incarcerated witness at trial, and we therefore dissent. Initially, we agree with the majority that defendant failed to preserve for our review his constitutional challenge to the denial of his request (see People v Lane, 7 NY3d 888, 889 [2006]; People v Little, 24 AD3d 1244, 1245 [2005], lv denied 6 NY3d 835 [2006]). We further agree that defendant requested an order directing the production of the incarcerated witness and thus preserved for our review his contention that the court erred in denying that request. We conclude, however, that defendant failed to meet his burden with respect to his request, and thus the court properly denied it.
A tried court may issue an order directing the production of “a person confined in an institution within this state . . . , upon application of a party to a criminal action or proceeding, demonstrating reasonable cause to believe that such person possesses information material thereto” (CEL 630.10). In his request for such an order, therefore, defendant was required to provide the court “with some assurance that the witness will be able to give competent material evidence on a matter at issue in *1162 the proceeding” (Peter Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 630.10 at 29). Under similar circumstances, when seeking an adjournment to call a witness, a defendant must make an offer of proof establishing that the testimony of the witness “would be material and favorable to the defense” (Matter of Anthony M., 63 NY2d 270, 284 [1984]; see People v Softic, 17 AD3d 1075, 1076 [2005], lv denied 5 NY3d 794 [2005]; People v Doud, 280 AD2d 955, 955-956 [2001], lv denied 96 NY2d 799 [2001]). We conclude that defendant must make a similar showing in the situation before us.
Here, defendant did not make an offer of proof regarding the substance of the proposed testimony of the incarcerated witness. To the contrary, defendant merely intimated that the witness might provide character testimony and might also have unspecified information regarding the facts, without stating the nature or source of that information. Furthermore, during the oral request for the order at issue, defense counsel indicated that he had never spoken with the witness or had any indirect communication regarding the substance of his possible testimony. Although we agree with the majority that other evidence at trial established that this witness was present at the scene, that fact alone did not establish that he had material information to provide with respect to the charges. Indeed, defendant testified that the witness was some distance from the vehicle when the officers approached it, which is when the officers testified that they observed the weapon in defendant’s lap. Consequently, the court properly denied defendant’s request because “the defense . . . failed to show that [the] witness [ ] possessed material information” regarding the issues at trial (People v Thomas, 148 AD2d 883, 885 [1989], lv denied 74 NY2d 748 [1989]; see People v Wright, 176 AD2d 1131, 1131 [1991], lv denied 79 NY2d 866 [1992]).
Because we agree with the majority regarding defendant’s remaining contentions, we would affirm the conviction. Present — Smith, J.P, Fahey, Garni, Valentino and Whalen, JJ.